**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Vanessa Shevell Richardson,<br><br>　　　　　　　　　　　　Debtor(s). | C/A No. 22-00542-EG<br><br>Chapter 13<br><br>**ORDER ON *AMENDED OBJECTION AND MOTION TO EXTEND STAY RULE 362 DISABLED DEBTOR*** |

**THIS MATTER** is before the Court on the *Amended Objection and Motion to Extend Stay Rule 362 Disabled Debtor* ("Request") filed by Bakha Yawuti El ("El"), purported power of attorney for Vanessa Shevell Richardson (the "Debtor").[1] The Court conducted a hearing on the Request on August 17, 2022, which was attended by Chapter 13 Trustee, James M. Wyman, El, and two other gentlemen who claim to hold a power of attorney for the Debtor, Travis Deon Bey and Vincent Mack. The Request "objects to the Order made on June 22nd to dismiss bankruptcy, Adversary hearing and alleged Creditors motions to quash future Bankruptcy defenses," requests the appointment of a guardian ad litem for the Debtor pursuant to Fed. R. Bankr. P. 1004.1, and appears to also request that the Court "extend the stay," and grant "relief from dismissal" of the adversary proceeding because the above-mentioned purported powers of attorney were authorized to represent her in connection with those matters.

**FACTS**

1. The Court incorporates herein the findings of fact made in the Order Granting *In Rem* Relief entered on July 12, 2022.[2]

2. On March 1, 2022, the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code with the Court. The petition

---

[1] ECF No. 90, filed July 11, 2022.
[2] ECF No. 87.

was received by email and included both an electronic signature and handwritten signature of the Debtor. As proof of identification, the Debtor submitted by email a photocopy of a South Carolina beginner's permit, which expired October 28, 2021. The identification indicates that the Debtor is fifty-seven years old. The record indicates the Debtor resides at 1143 Hamlin Road, Mount Pleasant, SC 29466.

3.  Several documents have been filed in this case and the related adversary proceeding[3] ostensibly granting El, Bey, and Mack (the "Purported Representatives") powers of attorney for the Debtor:

   a. A Durable Financial Power of Attorney granted by "Vanessa Richardson El" to El on February 12, 2019, to "maintain, repair, improve, invest, manage, insure, rent, lease, encumber, and in any manner deal with any real or personal property, tangible or intangible, or any interests therein, that [Debtor] now own[s] or may hereafter acquire, in [Debtor's] name and for [Debtor's] benefit, upon such terms and conditions as [the] attorney-in-fact shall deem proper" and to "obtain and pay for legal advice, to initiate or defend legal and administrative proceedings on [Debtor's] behalf, including actions against third parties who refuse, without cause, to honor this instrument." There is no indication that this power of attorney was recorded anywhere in South Carolina state records.[4]

   b. A Durable Financial Power of Attorney granted by the Debtor to the Purported Representatives on April 1, 2022, to "maintain, repair, improve, invest, manage, insure, rent, lease, encumber, and in any manner deal with any real or personal property, tangible or intangible, or any interests therein, that [Debtor] now own[s] or may

---

[3] Adv. Pro. No. 22-80017-dd.
[4] ECF No. 26, filed March 30, 2022.

    hereafter acquire, in [Debtor's] name and for [Debtor's] benefit, upon such terms and conditions as [the] attorney-in-fact shall deem proper" and to "obtain and pay for legal advice, to initiate or defend legal and administrative proceedings on [Debtor's] behalf, including actions against third parties who refuse, without cause, to honor this instrument." A document indicating this power of attorney was recorded with the Register of Deeds for Charleston County, SC on April 19, 2022, at Book 1101, Page 592 is attached.[5]

  c. A Special Power of Attorney granted by the Purported Representatives on behalf of the Debtor to the Purported Representatives[6] on July 5, 2022, "to attend the meeting of creditors of the debtor or any adjournment thereof, and to vote in [Debtor's] behalf on any question that may be lawfully submitted to creditors at such meeting or adjourned meeting, and for a trustee or trustees of the estate of the debtor." There is no indication that this power of attorney was recorded anywhere in South Carolina state records.[7]

4. On March 16, 2022, the Court entered a Rule to Show Cause requiring the Debtor to appear and show cause why her case should not be dismissed for her failure to file a Certificate of Credit Counseling or a motion for a waiver of the requirement with supporting documentation.[8]

5. On March 30, 2022, El filed a Motion to Waive Credit Counseling on behalf of the Debtor, asserting the Debtor "is largely mentally and physically incapacitated" and has suffered "brain trauma." In support of the Motion, El filed a sealed document consisting of discharge

---

[5] ECF No. 93, filed July 18, 2022.
[6] Bey and El stated at the August 17, 2022, hearing that this power of attorney was not signed by the Debtor but was signed on her behalf by the Purported Representatives, even though the signature appearing thereon is "Vanessa S. Richardson El."
[7] ECF No. 90, filed July 11, 2022; Adv. Pro. No. 22-80017-dd, ECF No. 18, filed July 7, 2022, and ECF No. 23, filed July 11, 2022.
[8] ECF No. 21.

instructions from a hospital visit in February 2022 in connection with a fall and a stroke.[9] The document does not provide a medical professional's opinion as to the Debtor's mental capacity.

6.   On April 7, 2022, the Court held a hearing on the Rule to Show Cause and Motion to Waive Credit Counseling. El clarified that the power of attorney of February 12, 2019, had been "recorded" in a state court civil case and had not been recorded in the state real property records but that he would make sure it was. El stated that the Debtor is taken care of by her family that lives with her and a nurse that comes to her house daily. The Court waived the credit counseling requirement for incapacity "without prejudice to any issue concerning the validity of the power of attorney or any other issue related to the filing of the case."[10] The Court then dissolved the Rule to Show Cause.[11]

7.   El filed the Request on July 11, 2022, and the Court entered an order setting a response deadline of August 5, 2022, and a hearing date of August 17, 2022.[12] No responses to the Request were filed.

8.   The Court held a hearing on this matter on August 17, 2022. At the hearing, El stated the Debtor was diagnosed sometime around 2017 with a chronic condition that has become worse over time, leading her to need the use of a walker and have memory problems. Bey stated that a guardian ad litem has not been appointed for the Debtor by the state court.

## DISCUSSION AND CONCLUSIONS

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order.

---

[9] ECF No. 29.
[10] ECF No. 35, entered Apr. 7, 2022.
[11] ECF No. 43, entered Apr. 11, 2022.
[12] ECF No. 91, entered July 15, 2022.

By separate order entered simultaneously herewith, the Court has dismissed the Debtor's bankruptcy case. Accordingly, this matter is now moot. Even if the case had not been dismissed, the Court would deny the relief sought for the reasons set forth below.

The Request first "objects to the Order made on June 22nd to dismiss bankruptcy." As no order was entered on that date in either this case or the related adversary proceeding, the Court is unable to discern what relief is being requested. Additionally, to the extent the Request seeks relief from the Order Granting *In Rem* Relief, the order dismissing the related adversary proceeding,[13] or the order denying the motion to reconsider the order dismissing the adversary proceeding[14] pursuant to Fed. R. Civ. P. 60,[15] such relief is denied, as the Request does not present any grounds for relief from those orders.

The Request further appears to request the appointment of a guardian ad litem for the Debtor pursuant to Fed. R. Bankr. P. 1004.1. Fed. R. Bankr. P. 1004.1 provides, in relevant part:

> The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

By its plain terms, Rule 1004.1 only applies when the Debtor has first been determined to be incompetent. *See also In re McGlohon*, C/A No. 15-06165-5-JNC, 2016 WL 552332, at *3 (Bankr. E.D.N.C. Feb. 10, 2016) ("[Rule] 1004.1. . .condition[s] the appointment and use of a guardian ad litem on finding a party to be incompetent."). Courts interpreting Fed. R. Civ. P. 17(c)[16] "look to the law of the state in which the subject is domiciled and follow the state's incompetency laws." *In re Whitehead*, C/A No. 05-50136, 2005 WL 1819399, at *4 (Bankr. M.D.N.C. July 22, 2005)

---

[13] Adv. Pro. No. 22-80017-dd, ECF No. 20, entered July 8, 2022.
[14] Adv. Pro. No. 22-80017-dd, ECF No. 25, entered August 2, 2022.
[15] Made applicable herein by Fed. R. Bankr. P. 9024.
[16] Fed. R. Civ. P. 17(c) is nearly identical to Fed. R. Bankr. P. 1004.1 and is applicable to contested matters and adversary proceedings through Fed. R. Bankr. P. 9014 and 7017.

(citing *Matchem v. Frank*, 998 F.2d 1009, 1010 (4th Cir. 1993); *Siers v. Greiner*, 983 F.2d 1057, 1058 (4th Cir. 1993)).

Under South Carolina law, "[m]ental incompetence is established by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs." *Grapner v. Atl. Land Title Co., Inc.*, 307 S.C. 549, 551, 416 S.E.2d 617, 618 (1992) (citing *Thompson v. Moore*, 227 S.C. 417, 88 S.E.2d 354, 356 (1955); *Rogers v. Nation*, 284 S.C. 330, 326 S.E.2d 182, 185 (Ct. App. 1985)). "It is not necessary to prove mental incompetence by an adjudication of incompetency." *Id.* at 550-51, 416 S.E.2d at 618 (citing *Thompson*, 88 S.E.2d 354). "Conversely, an adjudication of incompetency is but *prima facie* evidence of that fact." *Id.* at 551, 416 S.E.2d at 618 (citing *Church v. Trotter*, 278 S.C. 504, 299 S.E.2d 332 (1983)). The party alleging incompetence bears the burden of proving incompetence by a preponderance of the evidence. *Id.* (citations omitted).

There is no indication in the record that any court has determined that the Debtor is incompetent. The Debtor appears to have signed the petition. This Court's waiver of the credit counseling requirement for incapacity is not preclusive on this issue because it was "without prejudice to any issue concerning the validity of the power of attorney or any other issue related to the filing of the case." El filed documentation indicating that the Debtor had to visit a hospital in early 2022 due to a fall and a stroke. Further, El has represented that the Debtor has a chronic medical condition and therefore must use a walker and has problems with her memory. No testimony under oath was provided to support the representations. This record by itself is inadequate for the Court to determine that Debtor is incompetent; therefore, the Court cannot appoint a guardian ad litem.

Even if the Purported Representatives had met their burden of demonstrating that the Debtor is incompetent, it would still not be appropriate to appoint the Purported Representatives as guardian ad litem, as the record is unclear on several issues.[17] El has represented to the Court that the Debtor has been incapacitated for several years, as she was diagnosed with a chronic condition in 2017. However, the Debtor appears to have signed and filed voluntary bankruptcy petitions in 2018, 2019, 2021, and 2022.[18] In 2018, the records of the Court reflect that Debtor appeared in person at the bankruptcy courthouse in Columbia, SC, to file her petition. In her 2019 bankruptcy case, which was filed by email, the record reflects that she appeared in person for her meeting of creditors and a status hearing before the Court.

There is no evidence that a guardian ad litem has been previously appointed for the Debtor by the state court or any other court. While the Debtor appears to have executed powers of attorney in February 2019, April 2022, and July 2022, only the April 2022 power of attorney, which was executed after the petition was filed, appears to have been recorded as required for the attorney-in-fact's authority to be exercised pursuant to S.C. Code Ann. § 62-8-109 ("After the principal's incapacity, an agent may exercise the authority granted unto the agent under the power of attorney only if the power of attorney has been recorded in the same manner as a deed in the county where the principal resides at the time the instrument is recorded. . .After the principal's incapacity and before recordation, the agent's authority cannot be exercised."). All three powers of attorney appear to have been executed after the time her alleged incapacity commenced according to the

---

[17] "An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem." Fed. R. Bankr. P. 1004.1. According to Black's Law Dictionary, a "next friend" is "a person who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian." NEXT FRIEND, Black's Law Dictionary (11th ed. 2019). Here, to the extent that one of the Purported Representatives signed the Petition on her behalf, they could possibly be deemed her next of friend.

[18] Notably, while the original petition appears to be signed by the Debtor, the amended petition filed at ECF No. 52 was signed by El as her purported representative.

Purported Representatives. *See Gaddy v. Douglass*, 359 S.C. 329, 597 S.E.2d 12, 20 (Ct. App. 2004) ("In order to execute or revoke a valid power of attorney, the principal must possess contractual capacity. . .[which] is generally defined as a person's ability to understand in a meaningful way, at the time the contract is executed, the nature, scope and effect of the contract.") (citations omitted). While it appears that one of the Purported Representatives may be a relative of the Debtor, the relationship of the other two Purported Representatives to the Debtor is unclear. None of the Purported Representatives appear to reside with the Debtor and the Purported Representatives stated that other family members care for the Debtor in her home. It is also unclear from the record why the appointment of three individuals to serve as the guardian ad litem for Debtor is necessary, as opposed to only one individual. On this record, the Court is unable to grant the Purported Representatives' request to be appointed as guardian ad litem. To be clear, the Court does not question that the Purported Representatives have attempted to represent the Debtor's best interests in this case as they appear to be trying to save the Debtor's home from foreclosure. Despite the inconsistencies in the record as to whether the Debtor is competent, the Court does not question the validity of the petition or any action taken on her behalf in this case by the Purported Representatives or any order resulting therefrom.

Finally, the Request appears to seek an extension of the automatic stay. As stated in the Order Granting *In Rem* Relief, the automatic stay in this case terminated on the 30th day after the filing of this case pursuant to 11 U.S.C. § 362(c)(3)(A). Debtor did not seek an extension of the automatic stay before the expiration of the 30-day period, and relief from the stay has been granted. The Court is unable to extend the stay if a hearing is not conducted before the expiration of the stay under § 362(c)(3)(A). *See In re Robinson*, C/A No. 07-05198-JW, slip op. (Bankr. D.S.C.

Dec. 14, 2007); *In re Cartledge*, C/A No. 06-00119-JW, 2006 WL 3068829 (Bankr. D.S.C. Feb. 15, 2006).

**IT IS, THEREFORE, ORDERED THAT** all relief requested pursuant to the *Amended Objection and Motion to Extend Stay Rule 362 Disabled Debtor* is denied.

**FILED BY THE COURT**
**08/25/2022**



Entered: 08/25/2022

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina