**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Vanessa Shevell Richardson,<br><br>　　　　　　　　　　　　Debtor. | C/A No. 22-00542-EG<br><br>Chapter 13<br><br>**ORDER DENYING CONFIRMATION<br>AND DISMISSING CASE** |

**THIS MATTER** came before the Court for a hearing on August 17, 2022, to consider confirmation of the Chapter 13 plan filed by Bakha Yawuti El ("El"), purported power of attorney for Vanessa Shevell Richardson (the "Debtor") on April 6, 2022.[1] Chapter 13 Trustee James M. Wyman filed an Objection to Confirmation,[2] as did Creditor LoanCare, LLC.[3] El filed an Objection to LoanCare's Objection to Confirmation.[4] The hearing was attended by the Chapter 13 Trustee, El, and two other gentlemen who also claim to hold a power of attorney for the Debtor, Travis Deon Bey and Vincent Mack. LoanCare did not appear to prosecute its Objection.

## FACTS

1. The Court incorporates herein the findings of fact made in the Order Granting *In Rem* Relief entered on July 12, 2022.[5] As noted in that order, this is the fourth Chapter 13 bankruptcy case filed by or on behalf of the Debtor in less than four years, and the Debtor has filed these cases primarily to stall the attempts of Creditor LoanCare, LLC and its predecessors in interest to foreclose on the Debtor's property located at 1143 Hamlin Road, Mount Pleasant, SC 29466 (the "Property"), beginning with a foreclosure action filed in August of 2017.

---

[1] ECF No. 32.
[2] ECF No. 49, filed April 22, 2022.
[3] ECF No. 62, filed May 19, 2022.
[4] ECF No. 69, filed June 6, 2022.
[5] ECF No. 87.

2.  On March 1, 2022, a voluntary Chapter 13 petition with the Debtor's electronic signature and handwritten signature was filed.[6]

3.  On March 1, 2022, the Court entered a Notice of Filings Due requiring the following documents to be filed by March 15, 2022:

   a. Summary of Assets and Liabilities;
   b. Declaration About an Individual Debtor's Schedules;
   c. Schedules A/B, C, D, E/F, G, H, I, and J;
   d. Statement of Financial Affairs;
   e. Chapter 13 Statement of Income/Calculation;
   f. Copies of Payment Advices;
   g. Statement of Increase Income/Expenses (Schedule I, Question 13 and Schedule J, Question 24); and
   h. Chapter 13 Plan.[7]

4.  On March 2, 2022, the Court entered a Deficiency Notice requiring the Debtor to complete and file the Debtor's Electronic Noticing Request ("DeBN") by March 16, 2022.[8] The Debtor has not filed a DeBN as of the date of the entry of this order.

5.  On March 9, 2022, the Chapter 13 Trustee filed a Notice and Motion for Dismissal at Confirmation Hearing ("Notice of Dismissal") requesting dismissal of the case at the confirmation hearing or any continued confirmation hearing if the Debtor failed to provide and/or file documents listed therein or attend the § 341 meeting of creditors or any mandatory hearing.[9] The Notice of Dismissal expressly stated, among other things:

> The Chapter 13 Trustee hereby gives notice that the Debtor's failure to meet the requirements of the code may result in the dismissal of the case at confirmation hearing . . .
> Pursuant to 11 U.S.C. §1326(a)(1), the Debtor is required to commence making payments proposed by the plan to the Trustee not later than 30 days after the petition for relief was filed. Pursuant to 11 U.S.C. § 1307(c)(4), failure to commence making timely payments is cause to dismiss the case.

---

[6] An amended petition was later filed on April 29, 2022 (ECF No. 52) by El, as her purported power of attorney.
[7] ECF No. 10.
[8] ECF No. 9.
[9] ECF No. 20.

2

Moreover, it listed 17 separate items that needed to be provided to the Trustee or filed with the Court, including a "Modified Plan with service as required under SC LBR 3015-2, as necessary to meet all Chambers Guidelines, Local Rules, Operating Orders, and/or the Bankruptcy Code."

6.  On April 6, 2022—23 days after the deadline imposed by the Notice of Filings Due—El filed many of the documents required by the Notice of Filings Due, including schedules and statements[10] and a plan.[11] However, there was no signature on Official Form 122C-1 (the Chapter 13 Statement of Income/Calculation)[12] and the plan did not include a Notice of Opportunity to Object or a Certificate of Service. The Court issued Deficiency Notices on April 8, 2022, requiring Debtor to correct these deficiencies by April 15, 2022.[13] As of the date of the entry of this order, the Copies of Payment Advices and Notice of Opportunity to Object and Certificate of Service for the plan have not been filed.

7.  The Schedules reflect that LoanCare is the only scheduled creditor[14] and Debtor has a monthly net income of negative $692.00. The plan proposes 57 monthly payments of $2,050.00; checks the boxes in sections 1.4 and 3.1(c) for conduit mortgage payments; provides the Debtor would make payments through TFS billpay; requests valuation of secured claims but does not list any secured claims to be valued; does not propose any treatment of creditors' claims; and states in section 8.1, "See attached exhibit to Chapter 13 plan for nonstandard plan provisions," but no such attachment was filed. It was later clarified at the August 17, 2022, hearing that the reference to an "attachment" was to the adversary proceeding complaint.

---

[10] ECF No. 31.
[11] ECF No. 32. The Copies of Payment Advices were not included among the documents filed.
[12] Interestingly, despite being filed on April 6, 2022, Official Form 122C-1 was dated March 10, 2022.
[13] ECF Nos. 36-37.
[14] A review of the Claims Register reflects three unsecured claims filed totaling $15,440.64 in addition to LoanCare's secured claim.

8. On April 22, 2022, the Chapter 13 Trustee filed an Objection to Confirmation, noting that the plan does not provide any treatment of creditors' claims and the monthly net income listed in Schedule J (negative $692.00) does not support the monthly plan payment ($2,050.00), and asserting the Debtor had not provided any proof of identification or Social Security number.[15] The Chapter 13 Trustee indicated in his Objection that unless a confirmable plan and amended schedules were filed, the Trustee intended to ask for dismissal at the confirmation hearing pursuant to 11 U.S.C. § 1307(c). LoanCare also filed an Objection to Confirmation because the plan does not provide treatment of its allowed secured claim.[16]

9. Official Form 121 (Statement About Your Social Security Numbers) was filed providing the Debtor's Social Security number,[17] but the only proof of identification provided was a South Carolina beginner's permit that expired on October 28, 2021.[18]

10. On April 8, 2022, El filed an adversary complaint against LoanCare, LLC, Ditech Financial, LLC, and others attacking any interest they claim in the Property.[19]

11. On April 19, 2022, the original scheduled § 341 meeting was continued to May 23, 2022.[20]

12. On April 29, 2022—15 days after the deadline imposed by the Deficiency Notice—El filed a signed version of Official Form 122C-1 (the Chapter 13 Statement of Income/Calculation), but it was still dated March 10, 2022.[21]

---

[15] ECF No. 49.
[16] ECF No. 62.
[17] ECF No. 2, filed March 2, 2022 (signed by Debtor) and ECF No. 30, filed April 6, 2022 (signed by El).
[18] ECF No. 6, filed March 2, 2022 and ECF No. 96, filed August 8, 2022 (same).
[19] Adv. Pro. No. 22-80017-dd.
[20] ECF No. 47.
[21] ECF No. 53.

13. On May 2, 2022, the Court rescheduled the confirmation hearing from June 2, 2022, to June 21, 2022.[22]

14. On May 2, 2022, the Court entered an Order to Show Cause in the related adversary proceeding requiring the Debtor and El to appear and show cause why the complaint should not be dismissed because a power of attorney cannot serve as counsel to a plaintiff.[23]

15. On May 19, 2022, LoanCare filed a Motion for Relief from Stay requesting an order granting relief from the automatic stay and *in rem* relief to render the automatic stay inapplicable to the Property for two years from the entry of the order.[24]

16. On May 23, 2022, the § 341 meeting was continued a second time to June 14, 2022, and was subsequently continued a third time to August 9, 2022, both times due to the Debtor's absence.

17. On June 21, 2022, the Court held several hearings in this bankruptcy case and the related adversary proceeding. With respect to the Order to Show Cause issued on May 2, 2022, the Court ruled from the bench that if the Debtor did not retain an attorney admitted to practice before the Court to represent her in the adversary proceeding within 10 days, the adversary proceeding would be dismissed. The Court also continued the confirmation hearing a second time to July 6, 2022, to allow the § 341 meeting to conclude and to see if the Debtor would timely retain an attorney to represent her in the adversary proceeding on which confirmation depended.

18. On July 6, 2022, the confirmation hearing was continued a third time to August 17, 2022, to allow resolution of issues in the adversary proceeding and conclusion of the § 341 meeting.

---

[22] ECF No. 57.
[23] Adv. Pro. No. 22-80017-dd, ECF No. 4.
[24] ECF No. 63.

19. On July 8, 2022, the Court dismissed the adversary proceeding for the Debtor's failure to retain an attorney admitted to practice before this Court to represent her therein.[25]

20. On July 12, 2022, the Court entered an order granting LoanCare *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) based on the four bankruptcy filings representing a scheme to delay, hinder, or defraud LoanCare, thus rendering the automatic stay inapplicable to the Property until July 12, 2024.[26]

21. On August 2, 2022, the Court denied a motion to reconsider the order dismissing the adversary proceeding.[27]

22. On August 9, 2022, the § 341 meeting was held.[28]

23. The Court held a hearing on this matter on August 17, 2022. At the hearing, the Trustee indicated the Debtor needs to file amended schedules and provide him proof of payments, and further stated that the Debtor has not made any payments under the filed plan in the case, leaving a delinquency of $10,250.00. Accordingly, the Trustee stated that the plan was not confirmable. The Court questioned the Debtor's purported powers of attorney regarding how the Debtor proposed to cure the delinquency and how she would be able to make the plan payments going forward, but they did not provide a response to this inquiry, instead raising due process arguments that were previously overruled in the adversary proceeding.

---

[25] Adv. Pro. No. 22-80017-dd, ECF No. 20.
[26] ECF No. 87.
[27] Adv. Pro. No. 22-80017-dd, ECF No. 25.
[28] While the Trustee made a docket entry reflecting "Meeting of creditors held and examination of Debtor", it is not clear whether the Debtor appeared at the meeting by telephone or whether her purported powers of attorney appeared and were examined on her behalf.

### DISCUSSION AND CONCLUSIONS

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) and this Court may enter a final order.

### I. DENIAL OF CONFIRMATION

For a plan to be confirmable, it must meet the requirements of 11 U.S.C. § 1325(a). Among those requirements are:

> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;
> (2) any fee, charge, or amount required . . . by the plan, to be paid before confirmation, has been paid;
> (3) the plan has been proposed in good faith and not by any means forbidden by law;
> . . .
> (6) the debtor will be able to make all payments under the plan and to comply with the plan; [and]
> (7) the action of the debtor in filing the petition was in good faith[.]

11 U.S.C. § 1325(a). Further, the Bankruptcy Code requires the Debtor to begin making plan payments to the trustee within 30 days of filing the petition or the plan, whichever is earlier. 11 U.S.C. § 1326(a)(1)(A). SC LBR 9013-4 requires the Chapter 13 plan and any embedded motions to be served on the mailing matrix. "Debtor has the burden of proving by a preponderance of the evidence that [her] plan meets the confirmation requirements of § 1325(a)." *In re Morris*, 628 B.R. 824, 828 (Bankr. D.S.C. 2021) (internal quotation marks and citations omitted).

The Trustee requests that the Court deny confirmation because the Debtor has failed to file a confirmable plan, the current plan is not feasible, and the Debtor has failed to make the required plan payments. The Court finds that the Debtor's plan is not confirmable as filed. No payments have been made as required by § 1326(a)(1)(A) and § 1325(a)(2). The plan is not feasible as required by § 1325(a)(6), as the Debtor's monthly net income is negative, while the plan calls for

7

monthly payments of $2,050.00. The Debtor also failed to properly serve the plan filed April 6, 2022, as required by SC LBR 9013-4 or provide notice of the opportunity to object to the plan. Further, for the reasons stated in the Order Granting *In Rem* Relief, the Debtor has failed to demonstrate that either the plan or the petition were filed in good faith as required by §§ 1325(a)(3) and (7), respectively.

Given that this bankruptcy case appears to be primarily aimed at preventing LoanCare from foreclosing on the Property, that the automatic stay has been lifted as to the Property until July 12, 2024, that the Debtor's plan does not address the claims of any other creditors, and that the Debtor lacks sufficient income to make plan payments, the Debtor has no prospect of confirming a chapter 13 plan in this case. When questioned by the Court regarding how the Debtor planned to move forward in this case, the Debtor's purported powers of attorney were unable to explain how the Debtor would be able to make plan payments and did not request additional time for the Debtor to file another proposed plan. This case has been pending for more than five months without any significant progress towards confirmation, causing unreasonable delay and prejudice to the Debtor's creditors. For these reasons, the Court will not allow the Debtor a further opportunity to amend the plan. *See Keith's Tree Farms v. Grayson Nat'l Bank*, 535 B.R. 647, 654 (W.D. Va. 2015) ("'Bankruptcy courts are given a great deal of discretion to say when enough is enough' when it comes to granting or denying the opportunity to amend reorganization plans." (quoting *Matter of Woodbrook Assocs.*, 19 F.3d 312, 322 (7th Cir. 1994)).

II.  **DISMISSAL OF BANKRUPTCY CASE**

On March 9, 2022, the Trustee filed and served the Notice of Dismissal, notifying the Debtor that her failure to meet the requirements of the Bankruptcy Code may result in the dismissal of the case at the confirmation hearing. The Notice of Dismissal provided an itemized list of

missing documents and other case deficiencies that were required to be submitted to the Trustee, including a modified plan with proper service, amended schedules, and proof that all payments pursuant to the plan have been made through the date of confirmation. In the notice, the Trustee requests that the Court dismiss the case at the confirmation hearing pursuant to 11 U.S.C. § 1307(c) without further notice if the Debtor fails to provide and/or file the documents. The Trustee reported to the Court at the confirmation hearing that the Debtor has failed to file a modified plan with proper service, amended schedules and proof of payments, and has further reported that the Debtor's plan payments are past due in the amount of $10,250.00.  The Debtor's failure to make plan payments is grounds for dismissal under § 1307(c), which provides:

> On request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors; [or]
> . . .
> (4) failure to commence making timely payments under section 1326 of this title[.]

11 U.S.C. § 1307(c). The Court had also notified the Debtor of various deficiencies on April 8, 2022.  Based on the Trustee's request for dismissal in the Notice of Dismissal and report of outstanding case deficiencies at the confirmation hearing, including the Debtor's failure to commence making timely payments, the Court finds that the Debtor's case should be dismissed for cause pursuant to 11 U.S.C. § 1307(c). The Debtor's failure to propose a confirmable plan, cure case deficiencies, or make any plan payments has caused unreasonable delay that is prejudicial to creditors. In light of the Court's denial of confirmation, SC LBR 3015-3 also provides a basis for dismissal, stating that "[i]f confirmation of the chapter 13 plan is denied, the Court may enter an order requiring a new or modified plan or an order dismissing or converting

the case without further notice or hearing."[29]  Furthermore, the Court may dismiss a case pursuant to 11 U.S.C. § 1307(c) *sua sponte*. *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); *In re Brown*, 399 B.R. 162, 165 (Bankr. W.D. Va. 2009); *In re Giles*, 641 B.R. 255, 260 (Bankr. S.D. Fla. 2022).

Finally, even in the absence of an objection to confirmation on good faith grounds, the Court has an independent duty to determine whether the proposed chapter 13 plan was filed in good faith. *See* 11 U.S.C. § 1325(a)(3); *In re McNeely*, 366 B.R. 542, 548 (Bankr. N.D.W. Va. 2007) (stating that "the court has the independent duty to determine if a proposed Chapter 13 plan constitutes an abuse of the provisions, purpose, or spirit of Chapter 13."); *Noreen v. Slattengren,* 974 F.2d 75, 76 (8th Cir. 1992) (stating that a good faith requirement "demands a separate, independent determination" by the bankruptcy court). For the reasons stated in the Order Granting *In Rem* Relief, the Court finds that Debtor's lack of good faith[30] provides further grounds for

---

[29] The Court notes that this case is distinguishable from *No v. Gorman,* 891 F.3d 138 (4th Cir. 2018), where the Fourth Circuit held that the bankruptcy court could not dismiss a debtor's bankruptcy case based on a local rule provision without providing the debtor notice and an opportunity for a hearing.  Here, the Debtor had notice that the case could be dismissed at confirmation through the Trustee's Notice of Dismissal as well as the Trustee's Objection to Confirmation.  In *No,* the chapter 13 trustee had filed a motion to dismiss, which had been set for a hearing, but the case was dismissed prior to the scheduled hearing based solely upon the certification by the Trustee to the Clerk that the debtor had failed to comply with the local rule, which automatically prompted the Clerk's office to enter an order dismissing the case prior to the hearing on the motion being held.  In this case, the Debtor was provided with many opportunities to amend the Plan, come current on the payments, and fix the deficiencies.  The Debtor has had notice since March 9, 2022 – over five months – that if the requirements of the Bankruptcy Code and Bankruptcy Rules were not complied with, the case would be dismissed.  Moreover, the Court itself had issued a notice notifying the Debtor of deficiencies on April 8, 2022 – over 4 months ago.  Any argument that the Debtor or her representatives were not on notice of the potential of dismissal of the case at the confirmation hearing is without merit.

[30] Notably, the Court previously found that, pursuant to 11 U.S.C. § 362(c)(3), no automatic stay was in effect and the protections afforded by § 362(a) did not apply in this case.  If a prior chapter 13 case was pending within the preceding year but was dismissed, the stay terminates on the 30th day after filing unless the debtor seeks its extension.  The extension of the automatic stay, however, requires the debtor to demonstrate that the filing of the later case is in "good faith."  There is a rebuttable presumption that the case was not filed in good faith if one of the enumerated factors in 11 U.S.C. § 362(c)(3)(C) is met.  In this case, the Debtor never sought the extension of the stay and the presumption was not rebutted.

dismissal under § 1307(c).  *See In re Buis*, 337 B.R. 243, 250 (Bankr. N.D. Fla. 2006) ("Although bad faith, or a lack of good faith, is not included in this list, bad faith can constitute cause for dismissal under Section 1307(c).") (citations omitted).

**IT IS, THEREFORE, ORDERED THAT** confirmation of the Chapter 13 plan filed on April 6, 2022, is denied, and the case is hereby dismissed without prejudice.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/25/2022**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 08/25/2022

11